IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KURTIS ANDERSEN,<br><br>Petitioner,<br><br>v.<br><br>LARRY BENZON et al.,<br><br>Respondents. | MEMORANDUM DECISION<br>& ORDER DENYING<br>HABEAS-CORPUS PETITION<br><br>Case No. 2:17-CV-1303 DB<br><br>District Judge Dee Benson |

Petitioner, Kurtis Andersen, apparently attacks his state sentence and the execution of his sentence. 28 U.S.C.S. §§ 2241 & 2254 (2018). After an aggravated robbery conviction, he was sentenced to five-years-to-life. The Utah Board of Pardons and Parole (BOP) set parole dates, then adjusted the dates to later. Petitioner seems to argue that the adjustments to his parole dates--within his original sentence--are beyond BOP's authority and violate the Federal Constitution.

The petition must be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998) (quotations and citations omitted). To survive the Court's screening of the petition, the Petitioner must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## UTAH'S INDETERMINATE SENTENCING SCHEME

Petitioner possibly attacks the constitutionality of Utah's indeterminate-sentencing scheme. He appears to assert that Utah's indeterminate sentencing scheme, under which the trial judge imposes the sentence as a span of time, while the BOP determines the exact time to be served

within the span, is unconstitutional. The same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010). Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional. *Blakely v. Washington*, 542 U.S. 296, 308 (2004). The Court thus denies any relief on this possible component of Petitioner's claims.

## BOP'S AUTHORITY TO DETERMINE ACTUAL TERM
## OF IMPRISONMENT WITHIN A SENTENCING RANGE

Petitioner seems to challenge BOP's authority to determine his actual term of imprisonment within his sentence of five-years-to-life. Petitioner possibly argues that BOP should not have been able to "increase" his sentence. However, the sentence was determined by the trial court at the time of conviction, not during BOP's review of the term of service within the sentence. BOP is never in a position to increase Petitioner's term of service beyond his trial-court-imposed sentence of five-years-to-life and has done nothing more. So BOP cannot possibly violate the Constitution here, no matter how long it determines Petitioner should serve up to life in prison. Under the Federal Constitution, Petitioner has no right to ever be considered for parole or paroled and has no right to be released before the end of his sentence--i.e., the end of his life. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

## STATE-LAW ISSUES

The Court next addresses Petitioner's possible assertion that, under a due-process theory, *Labrum* was violated. *See Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law interpreting the Utah Constitution and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

## CONCLUSION

**IT IS ORDERED** that the petition is **DENIED**. (Doc. No. 1.) This action is **CLOSED**.

**IT IS FURTHER ORDERED** that any conditions-of-confinement claims must be brought in a separate § 1983 complaint.

**IT IS FINALLY ORDERED** that Petitioner's motion to add exhibits is **GRANTED**. (Doc. No. 3.) The Court reviewed all Petitioner's exhibits before denying relief.

DATED this 17th day of October, 2018.

BY THE COURT:

_____
JUDGE DEE BENSON
United States District Court